UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

_____

| | |
|---|---|
| **THE DESIGNTEX GROUP, INC** | **CIVIL ACTION NO. 05-0522-A** |
| **-vs-** | **JUDGE DRELL** |
| **ROYSON'S CORPORATION, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### R U L I N G

Before the Court is a Motion to Dismiss filed on November 13, 2006 by Defendant Roysons Corporation ("Roysons"). (Doc. # 20). Plaintiff, The DesignTex Group, Inc. ("DesignTex"), opposes the motion. After reviewing the pleadings and the applicable law, the Motion to Dismiss will be GRANTED.

### BACKGROUND

This case arises out of separate litigation involving a hotel construction project on the grounds of the Paragon Casino Resort, located in Marksville, Louisiana, owned and operated by the Tunica-Biloxi Indians of Louisiana d/b/a Paragon Casino Resort ("Paragon"). Shortly after the hotel's opening in the summer of 2001, Paragon discovered substantial property damage to the hotel in the form of water and moisture intrusion, resulting in mold contamination. Following this discovery, in July of 2002, Paragon filed suit in this Court against numerous parties who were alleged to be involved in the

original design and construction of the hotel, including the architect, the general contractor, and a number of the subcontractors.[1]

DesignTex, one of the subcontractors sued by Paragon, had received and processed an order for vinyl wall-coverings ("VWC") for installation in the hotel during construction.  Paragon claimed that the VWC supplied by DesignTex were defective and somehow caused or contributed to the mold contamination.  Paragon alleged, among other things, that DesignTex was negligent in failing "to supply wallpaper fit for its intended use" and in failing to investigate and warn of the likelihood of mold hazards when using vinyl wall paper. (Doc. # 1).  DesignTex then filed a third party demand against Roysons, the manufacturer of the same VWC, seeking contribution and/or indemnity for any judgment rendered against DesignTex.    Ultimately, both DesignTex and Roysons were dismissed from the Paragon litigation.[2]  Prior to dismissal, however, DesignTex filed this separate lawsuit against Roysons and its liability insurer, Travelers Property Casualty of America  ("Travelers"), seeking indemnification, contribution, and defense costs in connection with the first litigation. (Doc. # 1).  In response, Roysons has filed the instant motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] See Civil Action No. 02-1512-A (Doc. # 1)

[2] DesignTex's third party demand against Roysons was dismissed because of DesignTex's failure to comply with the Court's scheduling order deadlines.  Paragon's claim against DesignTex, on the other hand, was dismissed on summary judgment based on Judge Little's finding that DesignTex did not qualify as a manufacturer under the LPLA. See Tunica-Biloxi Indians of Louisiana, d/b/a Paragon Casino Resort v. Pecot, No. 02-1512, 2006 WL 273604 (W.D. La. Feb. 2, 2006).

2

## LAW AND ANALYSIS

Rule 12(b)(6) allows a party to move the Court to dismiss an action on the grounds that the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The determinative question for the Court to consider when ruling on such a motion is: "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999). Thus, a claim cannot be dismissed under Rule 12(b)(6) unless the plaintiff "would not be entitled to relief under any set of facts or any possible theory that [plaintiff] could prove consistent with the allegations of his complaint." Priester v. Lowndes County, 354 F.3d 414, 419 (5thCir. 2004).

Here, DesignTex's complaint does not state a viable cause of action against Roysons. Commencing with this suit's inception and continuing throughout this motion's protracted and contentious briefing process, DesignTex has tried mightily to locate a legal theory to embrace in support of its claim against Roysons. Unfortunately for it, those efforts have been futile.

In its complaint, DesignTex avers that "it is entitled to full indemnification and/or contribution from Roysons, the manufacturer of the vinyl wall coverings at issue, pursuant to Article 1804 of the Louisiana Civil Code."[3] (Doc. #1). To that end,

---

[3] DesignTex also claims that "it is an additional insured under the vendors endorsement contained in the commercial policy issued by Travelers to Roysons and that as such, DesignTex is owed a defense and indemnification for any damages which it may be cast in judgment for the allegedly defective vinyl wall coverings manufactured by Roysons and which were installed in the subject hotel owned and

DesignTex argues that Roysons, as manufacturer of the VMC supplied to Paragon, is a solidary obligor with DesignTex for any performance rendered by DesignTex to Paragon in the hotel litigation.  As we observed above, however, DesignTex was not cast in judgment in that case, but was dismissed on summary judgment.  Solidary liability cannot exist, therefore, *as DesignTex never rendered performance to Paragon*.  See La. Civ. Code art. 1804 (West 2007).  It was never an obligor in the first place.  Without an underlying obligation, Roysons cannot be held liable as a solidary obligor under Article 1804.

To circumvent these obvious ramifications of DesignTex's dismissal from the original Paragon litigation in this case, DesignTex posits a feint in its current Memorandum in Opposition.  DesignTex ostensibly now abandons its argument for liability under Article 1804 in favor of a new argument pursuant to Louisiana's doctrine of enrichment without cause (called here "unjust enrichment").  (Doc. # 26).

Codified in Article 2298 of the Louisiana Civil Code, the doctrine of enrichment without cause creates a cause of action for plaintiffs to "right wrongs" that cannot otherwise be redressed by " valid juridical act of the law."  Titled, "Enrichment without cause; compensation," Article 2298 provides, in relevant part, that "[a] person who has been enriched without cause at the expense of another person is bound to compensate that person."  La. Civ. Code art. 2298 (West 2007).  To recover under this legal theory, a plaintiff must show:  (1) an enrichment on the part of the defendant; (2) an

---

operated by Paragon."  We do not address this claim, however, as Travelers has not joined Roysons in the instant motion.

impoverishment on the part of the plaintiff; (3) a causal relationship between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment or impoverishment; and (5) no other remedy at law.  See Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co., 201 Fed. App'x 988, 991 n.1 (5th Cir. 2006).  "A person is enriched within the meaning of this Article when his patrimonial assets increase or his liabilities diminish."  La. Civ. Code art. 2298, cmt. (b) (West 2007).

Here, there is no set of facts or possible theory under which DesignTex can show that Roysons was "enriched" within the meaning of Article 2298.  In its brief, DesignTex creatively argues that Roysons was "enriched," that is, its liabilities were diminished, as a result of DesignTex's successful defense of Roysons' product in the Paragon litigation.  In support of this argument, DesignTex notes that, had it been cast in judgment rather than being dismissed from the underlying suit, it would have been able to pursue an indemnification claim against Roysons, and thus, Roysons should be liable for all of DesignTex's defense costs and expenses incurred in the Paragon suit. (Doc. # 26).

The glaring problem with this argument is that it is based entirely on the assumption that had DesignTex not spent "substantial sums of money retaining experts in several fields including, microbiology, architectural and engineering design, construction sequencing, and economics," Roysons liabilities would have increased.  In other words, there is no proof that Roysons liabilities would have increased had DesignTex not been dismissed from the underlying litigation.  Despite DesignTex's

clever phraseology to the contrary, DesignTex defended *itself* in that suit, not Roysons or Roysons' product, and it did so the way it saw fit. The costs which DesignTex now seeks from Roysons do not arise out of any performance rendered to Paragon because of Roysons' allegedly defective product, but rather stem from costs incurred in DesignTex's successful defense of itself in that litigation.[4] These costs do not fall within the ambit of Article 2298's definition of the term "enrichment." The doctrine of unjust enrichment may be founded on principles of equity, but it was intended neither to right hypothetical wrongs, nor to provide a vehicle for successful litigants to mitigate their defense costs.[5] Accordingly, we find that DesignTex has failed to state a valid claim for relief.

While we appreciate the extensive defense costs often necessitated in successfully defending one's self in complex litigation, the legal strategy implemented by DesignTex in defending Paragon's lawsuit was both volitional and without correspondence or consultation from Roysons. See ( Doc. # 27). The costs incurred in

---

[4] We note that our analysis might have been different if Roysons had been an insurer of DesignTex. The duties owed to an insured by an insurer are far different than the respective duties owed between Roysons and DesignTex in this case.

[5] In its attempt to persuade this Court to dole out the equitable remedy found within Article 2298, DesignTex inaccurately characterizes the events leading up to this motion in its Memorandum in Opposition (Doc. # 26) stating that: "Roysons seeks to penalize DesignTex by arguing that DesignTex's victory in the underlying suit means that it lost any right to relief from Roysons in the case at bar and that Roysons is not obligated to reimburse DesignTex for the substantial costs of defense incurred." We remind counsel for DesignTex that the only reason why Roysons was dismissed from the Paragon litigation was because of DesignTex's failure to comply with Judge Little's scheduling order, not because of any affirmative action taken by Roysons to avoid liability.

employing that strategy cannot be siphoned to Roysons without the existence of a legal or contractual obligation.

In so ruling, we make no conclusion as to DesignTex's claim against Travelers.

## **CONCLUSION**

For the abovementioned reasons, with regard to DesignTex's claims against Roysons, the Motion to Dismiss will be GRANTED. .

SIGNED on this 29th day of June, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge